UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATTHEW JOHN TWARDOWSKI,

                           Plaintiff,

          v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                           Defendant.
_____

**DECISION
and
ORDER

18-CV-19F
(consent)**

APPEARANCES:              LAW OFFICES OF KENNETH R. HILLER, PLLC
                              Attorneys for Plaintiff
                              KENNETH R. HILLER, and
                              JUSTIN DAVID JONES, of Counsel
                              6000 North Bailey Avenue
                              Suite 1A
                              Amherst, New York  14226

                              JAMES P. KENNEDY, JR.
                              UNITED STATES ATTORNEY
                              Attorney for Defendant
                              Federal Centre
                              138 Delaware Avenue
                              Buffalo, New York  14202
                                     and
                              ANDREEA LAURA LECHLEITNER,
                              Special Assistant United States Attorneys, of Counsel
                              Social Security Administration
                              Office of General Counsel
                              26 Federal Plaza
                              Room 3904
                              New York, New York  10278

---

[1] Andrew M. Saul became Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

**JURISDICTION**

On June 19, 2018, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 13). The matter is presently before the court on Plaintiff's counsel's motion for approval of attorney fees under 42 U.S.C. § 406(b), filed August 5, 2020 (Dkt. 21) ("Plaintiff's motion").

**BACKGROUND**

Plaintiff commenced this action on January 4, 2018, pursuant to Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on December 30, 2013, for Social Security Disability Insurance under Title II of the Act ("SSDI" or "disability benefits"). On June 18, 2018, Plaintiff moved for judgment on the pleadings (Dkt. 12), (Plaintiff's motion), but Plaintiff's motion was not addressed because on August 8, 2018, the parties filed a joint stipulation to remand the matter to the Commissioner (Dkt. 14) ("Stipulation"). By Text Order entered August 13, 2018 (Dkt. 15), the Stipulation was approved with Judgment entered August 14, 2018 (Dkt. 16) remanding the matter to the Commissioner. On September 13, 2018, in connection with the remand, Plaintiff applied for under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), $ 1,255.07 in fees ("EAJA fees") (Dkt. 17), which amount the parties agreed to by stipulation filed September 28, 2019 (Dkt. 19), was approved by Text Order entered September 28, 2018, (Dkt. 20), and received by Plaintiff's attorney on November 2,

2018.  (Dkt. 21-2 ¶ 15).  On July 21, 2020, the SSA issued a Notice of Award granting Plaintiff disability benefits including $ 76,040 in retroactive benefits, of which 25% or $ 19,010.00 was withheld to pay Plaintiff's attorney fees.  On August 5, 2020, Plaintiff filed the instant motion (Dkt. 21) ("Plaintiff's motion") pursuant to 42 U.S.C. § 406(b), seeking $ 9,315.07 in attorney fees, and indicating the EAJA fees had yet to be received.  In response (Dkt. 23), the Commissioner argues an award of $ 9,315.07 would result in an unreasonable hourly rate but does not otherwise oppose the motion.  In reply (Dkt. 24), Plaintiff maintains the fee must be considered net of the EAJA award to be refunded to Plaintiff, with the resulting hourly rate reasonable.

## **DISCUSSION**

As relevant to the instant motion, the Act provides

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A) ("§ 406").

Here, in retaining counsel in connection with her disability benefits application, Plaintiff executed a contingent Fee Agreement[2] providing counsel with permission to apply for fees up to 25% of any retroactive benefits awarded under § 406 if Plaintiff's disability benefits application required litigation in federal court.

Even if the requested attorney fee does not exceed the statutory 25% cap, "the attorney for the successful claimant must show that the fee sought is reasonable for the

---

[2] A copy of the Fee Agreement is filed as Dkt. 21-5.

3

services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Where, as here, there exists an attorney-client contingent fee agreement, "§ 406 does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of any such arrangements as an independent check to assure that they yield reasonable results in particular cases."  *Id*.  Contingent fee agreements are also entitled to some deference, *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990), in "the interest in assuring that attorneys continue to represent clients such as the plaintiff."  *Gisbrecht*, 535 U.S. at 805.  Nevertheless, contingent fee agreements "are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."  *Id*.  As such, "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id*.

The Second Circuit Court of Appeals has identified three factors to be considered in determining whether to approve the full amount of attorney fees requested under a contingent fee agreement, including (1) whether the requested fee is within the 25% statutory cap; (2) whether there was any fraud or overreaching in making the contingent fee agreement; and (3) whether the requested fee is so large as to be a "windfall" to the attorney.  *Wells*, 907 F.2d at 372.  The court is also required to assess whether the requested fee is inconsistent with the character of the legal representation and the results achieved by legal counsel, as well as whether counsel effected any unreasonable delay in the proceedings to increase the retroactive benefits and, consequently, the attorney's own fee.  *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456 (W.D.N.Y. 2005) (citing *Gisbrecht*, 535 U.S. at 808).  Here, the Commissioner's

4

challenge to the attorney fee request is limited to the "*de facto*" hourly rate obtained by dividing the requested fee by the total hours counsel expended on the matter in this court, which the Commissioner maintains represents a windfall to counsel and, as such, is unreasonable.  Dkt. 23 at 3-5.

In particular, Plaintiff's counsel requests as attorney fees $ 9,315.07, which is only 12.25% the $ 76,040 retroactive disability benefits granted Plaintiff in the Notice of Award which thus is less than half of the 25% of the retroactive disability benefits permitted under § 406(b)'s statutory cap, *i.e.*, $ 19,010.[3]  Plaintiff's counsel asserts he expended a total of 6.2 hours representing Plaintiff in this matter, including, *inter alia*, reviewing the decision of the Administrative Law Judge ("ALJ") denying Plaintiff benefits at the administrative level, reviewing the administrative record, preparing and filing the complaint and motion to proceed *in forma pauperis*, preparing and filing certificate of service, exchanging e-mails with opposing counsel regarding the remand stipulation, and preparing and filing the EAJA motion.  Dkt. 21-2 at 2-3.[4]  Dividing the requested fee of $ 9,315.07 by 6.2 hours results in an hourly rate of $ 1,502.43.  Given the amount and type of work required in this action, this rate would result in a windfall to counsel.

Preliminarily, there is no merit to Plaintiff's counsel's assertion the hourly rate should be calculated net of the $ 1,255.07 EAJA fees already awarded to and received by Plaintiff's counsel such that Plaintiff's counsel should be considered as seeking only

---

[3] Plaintiff does not explain how the requested fee amount of $ 9,315.07 was determined. Further, the higher hourly rate in this case is largely attributed to the fact that Plaintiff initially applied for disability benefits on December 30, 2013, yet was not awarded any benefits until July 21, 2020, such that the 25% withheld for an attorney fee award is calculated based on more than six and one half years of retroactive benefits Plaintiff eventually received.

[4] The court notes the Plaintiff's counsel's time itemization provided in connection with the instant motion for attorney fees, Dkt. 21-2 at 3, does not correspond with the events per the docket; rather, the correct time itemization is included in an earlier declaration of Mr. Hiller filed September 13, 2018, in connection with the request for EAJA fees.  *See* Dkt. 17-2.

$ 8,060 ($ 9,315.07 – $ 1,255.07), Plaintiff's Memorandum at 7, which Plaintiff's counsel further maintains yields an hourly rate of $ 1,300 ($ 8,060 ÷ 6.2).  In short, Plaintiff's counsel continues to seek attorney fees for 6.2 hours of work, and that he will be required to refund to Plaintiff the $ 1,255.07 EAJA fee amount already awarded and received, does not negate that he did receive that amount such that whatever is approved in connection with the instant motion will not be decreased by refunding the EAJA amount previously received.

It cannot be denied that counsel's efforts in this matter were clearly successful as they resulted in an award of benefits to Plaintiff upon remand.  Nevertheless, according to Plaintiff, 3.1 hours, or half the time asserted expended on the file, was in review of the administrative record, .4 hours were spent preparing the complaint and IFP motion, and the remaining 2.7 hours were for telephone conference discussing possible appeal with client (.4 hours on December 21, 2017), exchanging e-mails with opposing counsel (.5 hours during April 2018), preparing the EAJA motion (1 hour on September 13, 2018), with the remaining .8 hours spent reviewing court notices and orders.[5]  Dkt. 17-2 at 1-2.[6]  Although the 12.25% award is less than half of the 25% contingent fee agreement which is entitled to some deference, *Wells*, 907 F.2d at 371, in this case the resulting hourly rate of $1,502.43 Plaintiff requests remains much higher than § 406 attorney fee awards approved in other cases in this court.  *See*, *e.g.*, *McDonald v.*

---

[5] Despite moving on June 18, 2018, for judgment on the pleadings (Dkt. 12), Plaintiff's counsel did not include in his itemization of time any hours for preparation of a memorandum of law in support of such motion (Dkt. 12-1).

[6] Notably, the 25% statutory cap is lower than the one-third contingent fee arrangement typical for personal injury actions.  Furthermore, the higher hourly rate in this case is largely attributed to the fact that Plaintiff initially applied for disability benefits in March 2014, yet was not awarded any benefits until October 2019, such that the attorney fee award is calculated based on more than five years of retroactive benefits Plaintiff eventually received.

*Comm'r of Soc. Sec.*, 2019 WL 1375084, at * 2-3 (W.D.N.Y. Nov. 7, 2019) (approving attorney fee award of $ 30,602.75 for 29.1 hours of work resulting in hourly rate of $ 1,051.64); *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 455-56 (W.D.N.Y. 2005) (approving attorney fee award of $ 38,116.50 for 42.75 hours of work resulting in hourly rate of $ 891.61). In these circumstances, the court finds the hourly rate should be capped at $ 1,000.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion for attorney fees under § 406(b) (Dkt. 21) is GRANTED in part and DENIED in part; Plaintiff is awarded $ 6,200 in fees to be paid from the funds withheld from Plaintiff's retroactive benefits award, with the remaining withheld funds paid to Plaintiff. If Plaintiff's attorney has received any portion of the EAJA fees award, Plaintiff's attorney is directed to remit such fees to Plaintiff. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   October 13th, 2020
              Buffalo, New York